UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ANTHONY ACEVES,<br><br>                          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | Case Nos.: 18-CV-02390-AJB<br>                15-CR-02995-AJB<br><br>**ORDER:**<br>**(1) DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, (Doc. No. 78);**<br>**(2) DENYING PETITIONER'S MOTION TO DISMISS, (Doc. No. 85); and**<br>**(3) DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT, (Doc. No. 87).** |

On October 18, 2018, Petitioner Gilbert Anthony Aceves filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, contending he received ineffective assistance of counsel ("IAC") under the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984).[1] (Doc. No. 1/Doc. No. 78.) Petitioner subsequently filed

---

[1] The Motion is, on its face, brought under a Writ of Coram Nobis. However, this remedy is unavailable to Petitioner because he is still subject to supervised release and thus still "in custody," giving Petitioner a more usual remedy of a habeas petition. *See Matus-Leva v.*

1

a motion to dismiss, (Doc. No. 85), and a motion for summary judgment, (Doc. No. 87). Having reviewed the pleadings in this case, and for the reasons set forth below, the Court **DENIES** his petition, the motion to dismiss, and the motion for summary judgment.

I. **BACKGROUND**

On or about August 2, 2016, Petitioner pleaded guilty to one count of conspiracy with other persons to possess marijuana with the intent to distribute under 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 30 at 2.) Petitioner was thereafter sentenced to twenty-four months with three years of supervised release. (Doc. No. 51 at 2.) He was subsequently released to the public on January 5, 2018. (Doc. No. 68 at 1.) Petitioner filed a petition for Writ of Coram Nobis and motion to vacate under 28 U.S.C. § 2255, (Doc. No. 1/Doc. No. 78[2]), as well as a motion to dismiss, (Doc. No. 85), and a motion for summary judgment, (Doc. No. 87).

Petitioner instituted this action in the Southern District of California, seeking to set aside his conviction based on IAC, lack of federal jurisdiction, a violation of the 18 U.S.C. § 3161 Speedy Trial Act, and unlawful search and seizure. (*See generally* Doc. No. 78.) Petitioner argues that his trial counsel's advice to plead guilty, despite a lack of evidence that Petitioner entered into a conspiracy, falls short of counsel's responsibilities under

---

*U.S.*, 287 F.3d 758, 761 (9th Cir. 2002). Petitioner also brings this Motion under 28 U.S.C. § 2241, but it is more appropriately treated as brought under 28 U.S.C. § 2255 because he challenges the validity of his conviction and seeks to vacate it, (Doc. No. 1 at 9), not the manner, location, or conditions of his sentence's execution. "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention . . . ." *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 is the appropriate mechanism by which a federal prisoner challenges the manner, location, or conditions of the execution of his sentence. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

[2] In Petitioner's civil case, 18-cv-2390-AJB, Petitioner's § 2251 petition is Doc. No. 1. In the criminal case, 15-cr-2995-AJB, the same petition is filed as Doc. No. 78. Hereinafter, the Court will refer to the criminal docket entries only.

2

*Strickland*, which requires Petitioner to show his counsel both unreasonably performed below professional standards *and* their representation resulted in prejudice. (*Id.* at 3.)

## II. LEGAL STANDARD

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981).

## III. DISCUSSION

Petitioner first contends that he was subject to IAC because his counsel failed to raise the issue that the evidence in his case did not support a conspiracy charge. (Doc. No. 78 at 3.) Petitioner further alleges that no federal jurisdiction existed in this case; the Speedy Trial Act, 18 U.S.C. § 3161, was violated; there was an unlawful search and seizure on or about February 25, 2015; his Miranda rights were not read to him on or about February 25, 2015; and evidence was manipulated during the search. (*Id*. at 4–9.) The Government counters that (1) Petitioner waived his right to challenge his conviction and sentence; (2) Petitioner is procedurally barred from raising his current claims because he failed to raise them on direct appeal; and (3) the Motion is untimely and equitable tolling does not apply. (Doc. No. 81 at 7.) Even if it were timely, the Government argues the Motion fails on the merits because Petitioner's IAC claim directly contradicts "his statements under oath[] during his plea colloquy and contained in his plea agreement[.]" (*Id.*) The Court will consider each argument in turn.

## A. Section 2255 Timeliness of the Motion

A motion brought under § 2255 is subject to a limitations period. As relevant to the instant Motion, a § 2255 motion must be filed within one year of the latest of (1) the date on which the judgment of conviction became final, 28 U.S.C. § 2255(f)(1); (2) the date on which the impediment to making a motion created by the government is removed, *id.* § 2255(f)(2); (3) the date the right asserted was recognized by the Supreme Court, *id.* § 2255(f)(3); or (4) the date on which the facts supporting Petitioner's claim could have been discovered through the exercise of due diligence, *id.* § 2255(f)(4).

The judgment in Petitioner's underlying criminal case became final on October 25, 2016. (Doc. No. 51.) Yet, he did not file his motion to vacate under § 2255 until October 2018. Additionally, §§ 2255(f)(2)–(4) have not been raised, nor do they apply here. Accordingly, the Motion is untimely under § 2255(f)(1).

## B. Effective Assistance of Counsel

Even if the Motion was timely, it would fail on the merits. "[T]o establish ineffective assistance of counsel, a party must demonstrate (1) that counsel's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (citing *Strickland*, 466 U.S. at 687–91). Accordingly, "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance *and* resulting prejudice." *Id.* (emphasis in original).

We review counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions. *People v. Maury*, 30 Cal. 4th 342, 389 (2003); *Strickland*, 466 U.S. at 689. Here, Petitioner fails to plead facts indicating his counsel's conduct fell short of reasonable professional standards. Petitioner's first two

4

18-CV-02390-AJB
15-CR-02995-AJB

allegations against his counsel, as discussed below, are without merit and do not reflect on counsel's performance in this case. Additionally, Petitioner does not attack the voluntary and intelligent nature of his guilty plea. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970) (confirming the standard for determining the validity of a guilty plea as "a voluntary and intelligent choice among the alternative courses of action open to the defendant."). Petitioner's plea agreement, made under oath, directly contradicts his current claim that he did not conspire with others with the intent to possess and distribute marijuana. (Doc. No. 30 at 4.)

Petitioner has also failed to plead facts suggesting resulting prejudice. Prejudice is determined based on an objective evaluation. *See Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985). Not only must Petitioner show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," but he must also show that "had [he] done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received[.]" *Id.* at 59 (quoting *Evans v. Meyer*, 742 F.3d 371, 375 (7th Cir. 1984)).

Moreover, Petitioner does not claim factual innocence of the crimes charged. *See United States v. Vasquez*, No. CV 08-8051-PCT-JAT, 2008 WL 4838716, at *7 (D. Ariz. Nov. 5, 2008) (finding movant had not shown actual prejudice because he did "not assert that he is factually innocent of the crime of conviction"). Rather, he contends that trial counsel incompetently advised him to plead guilty, despite "absolutely no evidence of any agreement to justify a conspiracy." (Doc. No. 78 at 3.) However, "[t]here is nothing in the record to establish that [Petitioner] may have been able to avoid conviction or that a meritorious defense might have been available to him at trial." *Taylor v. Gonzalez*, No. 11-CV-01109 WQH (RBB), 2013 WL 5719077, at *18 (S.D. Cal. Oct. 21, 2013). If Petitioner had proceeded to trial, he likely would have faced a greater sentence had he been convicted of the charge to which he pled guilty. *See United States v. Vargas-Ceja*, No. CV-05-187-E-BLW, 2006 WL 2435331, at *4 (D. Idaho Aug. 22, 2006) (finding "Defendant cannot demonstrate prejudice" because "[h]ad Defendant insisted on going to trial and in all

likelihood been convicted," he would have received a greater sentence than that imposed under the plea deal).

### 1. *Federal Subject Matter Jurisdiction*

Petitioner first claims his counsel failed to raise the issue that "no federal jurisdiction existed in this case," though a federal drug agency was not involved in Petitioner's arrest. (Doc. No. 78 at 4.) However, Petitioner misunderstands and misstates the law. United States district courts have original jurisdiction of all federal criminal offenses. 18 U.S.C. § 3231. Because Petitioner was indicted under 21 U.S.C. §§ 841(a)(1) and 846, both federal criminal offenses, the United States district courts retain original jurisdiction over this action.

### 2. *Speedy Trial Act Violations*

Petitioner further asserts the Speedy Trial Act was violated in multiple instances, and his counsel failed to challenge these issues. (Doc. No. 78 at 6.) Petitioner contends (1) his arrest on April 11, 2016, 14 months after his criminal conduct on or about February 25, 2015, surpasses the one-year statute of limitations under the Speedy Trial Act; and (2) he was not taken to court within 72 hours of his arrest. (*Id.* at 6–7.)

First, 18 U.S.C. § 3282 states that regarding non-capital criminal offenses, the indictment must be instituted within five years after the criminal conduct was committed. 18 U.S.C. § 3282(a). Here, the government instituted the indictment on December 1, 2015, approximately nine months after Petitioner's criminal conduct on or about February 25, 2015. (*See generally* Doc. No. 1.) Thus, Petitioner's arrest was well within the five-year statute of limitations for non-capital criminal offenses and thus the Speedy Trial Act was not violated in this instance.

Next, Petitioner's contention that he was not taken to court within 72 hours is without merit. Petitioner was arrested on April 11, 2016, and arraigned the following day, April 12, 2016. (*See generally* Doc. No. 12.) Moreover, Petitioner does not contend this 24-hour period before his initial appearance before Magistrate Judge Skomal was unnecessary

delay. *See* Fed. R. Crim. P. 5(a)(1)(A). Therefore, Petitioner lacks a viable claim of a Speedy Trial Act violation.

### C. Remaining Claims

Petitioner claims he was subject to an unlawful search and seizure when San Diego police officers neither "showed a search warrant nor ask[ed] Petitioner for permission to enter the property." (Doc. No. 78 at 8.) However, as Petitioner offers in his Motion, he signed a Consent to Search Premises on or about February 24, 2015. (*Id.* at 13.) The courts have "recognized that a search authorized by consent is wholly valid." *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973). When determining whether a consent to a search was voluntarily given, the courts will consider the totality of the circumstances. *Id.* at 227. "While knowledge of the right to refuse consent is one factor to be taken into account, the government need not establish such knowledge as the sine qua non of an effective consent." *Id*. Here, Petitioner "surmised he had no choice but to comply with the police officer's commands[.]" (*Id.* at 8.) However, this sole fact is not determinative in establishing involuntary or coerced consent, and thus Petitioner has not successfully alleged an unlawful search of his premises.

Additionally, Petitioner alleges his Miranda rights were not read to him, thus rendering his arrest unconstitutional. (Doc. No. 78 at 8.) However, "[t]he Fifth Amendment right identified in *Miranda* is the right to have counsel present at any custodial interrogation." *Edwards v. Arizona*, 451 U.S. 477, 485–86 (1981. At the time Petitioner's property was searched on February 24, 2015, Petitioner was not under arrest, nor does Petitioner allege he was placed in custodial interrogation. Ultimately, Petitioner fails to suggest how this claim constitutes IAC. Petitioner further alleges law enforcement agents manipulated evidence by placing one of the cardboard boxes containing marijuana from his backyard into his garage. (*Id.* at 8–9.) However, Petitioner again fails to suggest how these claims constitute IAC.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1/Doc. No. 78.) Additionally, the Court also **DENIES** Petitioner's motion to dismiss and motion for summary judgment. (Docs. No. 85, 87.)

**IT IS SO ORDERED.**

Dated: June 6, 2019

Hon. Anthony J. Battaglia
United States District Judge